

**Dated: December 29, 2015**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LONESTAR GEOPHYSICAL SURVEYS, L.L.C., | ) ) ) | Case No. 15-11872-SAH |
| Debtor. | ) | Chapter 11 |
| | ) | |
| LONESTAR GEOPHYSICAL SURVEYS, L.L.C., | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. No. 15-01257 |
| FRONTIER STATE BANK, CYPRESS SPRINGS ASSOCIATES, LLC, CYPRESS SPRINGS INVESTMENTS, LP, BROOKS F. BOCK, M.D., JAMES E. BRAND, M.D. and JOHN H. STUEMKY, M.D., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS CSA, CSI, DR. BOCK,
DR. BRAND, AND DR. STUEMKY'S MOTION TO DISMISS PLAINTIFF'S
<u>ADVERSARY COMPLAINT AND BRIEF IN SUPPORT THEREOF [DOC. 11]</u>**

Before the Court are the following:

1.  Defendants CSA, CSI, Dr. Bock, Dr. Brand and Dr. Stuemky's Motion to Dismiss Plaintiff's Adversary Complaint and Brief in Support Thereof [Doc. 11], filed by defendants Cypress Springs Associates, LLC ("CSA"), Cypress Springs Investments, LP ("CSI"), Brooks F. Bock, M.D. ("Bock"), James E. Brand, M.D. ("Brand") and John H. Stuemky, M.D. ("Stuemky"; CSA, CSI, Bock, Brand and Stuemky collectively, "Defendants") on October 30, 2015 (the "Motion")[1]; and

2.  Plaintiff's Response to Motion to Dismiss Filed by Defendants CSA, CSI Dr. Bock, Dr. Brand and Dr. Stuemky [Doc. 22], filed by plaintiff Lonestar Geophysical Surveys, LLC ("Debtor") on November 20, 2015 (the "Response").

Defendants argue that the four counts of the Adversary Complaint [Doc. 1] filed on September 18, 2015 (the "Complaint") applicable to them (Counts 2 - 5) fail to state claims as a matter of law.

## Background

This adversary proceeding concerns soured lending relationships between (i) Debtor and Frontier State Bank ("FSB") and (ii) Debtor and CSA and CSI. The situation was exacerbated by lender decisions to participate in the management of Debtor by having the owner and directors of FSB and the owners of CSA and CSI serve on Debtor's board of directors. In those positions, they allegedly took actions consistent with the interests of FSB, CSA and CSI rather than of Debtor. Arising out of this tangled mess are Debtor's claims against CSA, CSI, Bock, Brand and Stuemky: (i) breach of fiduciary duty; (ii) aiding and abetting breach of fiduciary duty; (iii) misuse of trade secrets and confidential and proprietary information; and (iv) civil conspiracy.

---

[1] The Motion does not comply with Local Rule 9013-1. Rather than strike the Motion, the Court is considering it. However, in the future, any motion not in compliance with the Local Rules will be stricken.

**Standards Governing Motions to Dismiss**

A plaintiff bears the burden to frame the complaint with enough factual matter to suggest that he or she is entitled to relief. Robbins v. Okla. ex rel. Okla. Dep't of Human Servs. 519 F.3d 1242, 1247 (10th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" Barenburg v. Burton (In re Burton), 2010 WL 3422584 (10th Cir. Aug. 31, 2010) (unpub.) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard requires that factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. Twombly, 550 U.S. at 555. See also, Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised). Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. Twombly, 550 U.S. at 555.

In ruling on the Motion, this Court is mindful that it must construe the Adversary Complaint (the "Complaint") in the light most favorable to Debtor, taking as true all factual allegations and making all reasonable inferences in Debtor's favor that can be drawn from the pleadings. Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010); Burton, 2010 WL 3422584, at *3. While factual assertions are taken as true, legal conclusions are not. A plaintiff is "not required to set forth a prima facie case for each element, [but] is required to set forth plausible claims." Cook v. Baca, 2013 WL 828814 (10th Cir. 2013) (citing Khalik v. United Air Lines, 671 F.3d 1188, 1193) (10th Cir. 2012)).

3

The Tenth Circuit holds that Twombly's conception of "plausibility," "refer[s] to the scope of the allegations in a complaint" rather than the likelihood that such allegations are true. Robbins, 519 F.3d at 1247.  Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Robbins, 519 F.3d at 1247. (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247.  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Robbins, 519 F.3d at 1248.  The Tenth Circuit instructs that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." Robbins, 519 F.3d at 1248. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Tullius v. Metropolitan Prop. & Cas. Ins. Co., 2010 WL 3259837 (W.D. Okla. 2010) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

I. **THE COMPLAINT FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS.**

Defendants contend that Debtor has not adequately plead facts supporting the misappropriation of trade secrets claim as the Complaint has not identified (i) the "trade secrets" and (ii) the purported misappropriation or use by Defendants.  To prove misappropriation of

trade secrets, a plaintiff must show: (i) the existence of a trade secret; (ii) misappropriation of the secret by defendant; and (iii) use of the secret to the plaintiff's detriment. Musket Corp. v. Star Fuel of Oklahoma, LLC, 606 F.App'x 439, 451 (10th Cir. 2015) (citing MTG Guarnieri Mfg., Inc. v. Clouatre, 239 P.3d 202, 209 (Okla. Ct. App. 2010)); Pre-paid Legal Servs., Inc. v. Cahill, 924 F.Supp.2d 1281, 1288 (E.D. Okla. 2013) (citing Pre-paid Legal Servs. v. Harrell, 2008 WL 111319, *10 (E.D. Okla. Jan. 8, 2008) (citing Micro Consulting, Inc. v. Zubeldia, 813 F.Supp. 1514 (W.D. Okla. 1990))); Gaedeke Holdings VII, Ltd. v. Mills, 2014 WL 347629 (W.D. Okla. 2014) (citing MTG Guarnieri Mfg., Inc. v. Clouatre, 239 P.3d 202, 209 (Okla. Ct. App. 2010)).

A trade secret is defined by Oklahoma law as "information, including a formula, pattern, compilation, program, device, method, technique or process that:

    a.    Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

    b.    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

Pre-paid Legal, 924 F.Supp.2d at 1288 (citing 78 Okla. Stat. §§ 78 and 86(4)); Proline Prod., L.L.C. v. McBride, 324 P.3d 430, 432 (Okla. Ct. App. 2014). To state a claim for misappropriation of trade secrets, a plaintiff must plead facts with sufficient particularity to provide defendants with fair notice of what the claim is and the grounds upon which it rests. This requires, at a minimum, that the plaintiff identify generally the trade secrets at issue although specificity as to the precise trade secrets misappropriated is not required to defeat a motion to dismiss. Sorias v. Nat'l Cellular USA, Inc., 2015 WL 5093344 (E.D. N.Y. 2015)

(citing Alexander Interactive, Inc. v. Leisure Pro Ltd., 2014 WL 4651942, at *5 (S.D. N.Y. 2014)).

A defendant is entitled to fair notice of what the claim is and the grounds upon which it rests. Sorias, 2015 WL 5093344. Thus, plaintiff must identify specific types of business information and specific efforts taken to protect that business information to establish a trade secret. Covenant Aviation Sec., LLC v. Berry, 15 F.Supp.3d 813, 818 (N.D. Ill. 2014) (citing Composite Marine Propellers, Inc. v. Van Der Woudeu, 962 F.2d 1263, 1266 (7th Cir. 1992) and AutoMed Techs., Inc. v. Eller, 160 F.Supp.2d 915, 921 (N.E. Ill. 2001) (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 755 F.Supp. 635 636 (D. Del. 1991))).

The Court agrees with Defendants that the Complaint fails to state a claim for misappropriation of trade secrets as the Complaint fails to identify (i) the trade secrets allegedly misappropriated and (ii) the manner in which Defendants used that information or shared it with third parties. See Pension Advisory Group, Ltd. v. Country Life Ins. Co., 771 F.Supp.2d 680, 701 (S.D. Tex. 2011). Accordingly, the Motion is granted with respect to the misappropriation of trade secrets claim, with Debtor having leave to amend its Complaint consistent with this Order within twenty (20) days of entry of this Order.

## II. THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY.

Defendants Bock, Brand and Stuemky urge this Court dismiss Debtor's breach of fiduciary duty claim because no claim exists based on an "inherent conflict" and because no damages from any breach have been plead. To adequately state a claim for breach of fiduciary duty against corporate directors, a complaint must (i) state the defendant breached his fiduciary

duty to manage a corporation for the benefit of all shareholders, (ii) describe specific acts that evidence the breach of fiduciary duty and self dealing, and (iii) allege damages resulting from such actions. Beard v. Love, 173 P.3d 796, 802 (Okla. Ct. App. 2007) (citing Gay v. Akin, 766 P.2d 985 (Okla. 1988)); see also Graves v. Johnson, 359 P.3d 1151, 1155 (Okla. Ct. App. 2015) (in order to recover on a claim of breach of fiduciary duty, a plaintiff must prove (i) the existence of a fiduciary relationship, (ii) a breach of fiduciary relationship and (iii) the breach was the direct cause of damages).

Taking all of the factual allegations of the Complaint in the light most favorable to Debtor, and making all reasonable inferences in Debtor's favor that can be drawn from the Complaint, the Complaint plausibly states that Bock, Brand and Stuemky owed fiduciary duties to Debtor as members of its board of directors and may have breached those duties through their conduct involving Joseph Dewey McKean, Jr., M.D. ("McKean"),[2] FSB, CSA and CSI. Defendant Bock was a director of both Debtor and FSB and was general partner of CSI; Defendant Brand was a director of both Debtor and FSB; and Defendant Stuemky was a director of both Debtor and FSB and an owner of CSI. All three gentlemen clearly straddled both sides of the transactions and plausibly could have exercised preferred loyalty to FSB and McKean rather than Debtor.

That being said, the Complaint does not sufficiently identify the damages caused by the alleged breaches of fiduciary duty. In Oklahoma, "[d]amages are an essential element of a breach

---

[2]McKean owns FSB and is FSB's chief executive officer and chairman of the board. McKean is also alleged to be the registered agent of CSA and CSI, while being sole owner of CSA and an investor and limited partner in CSI. Allegedly, McKean appointed Bock, Brand and Stuemky to serve on Debtor's board of directors as part of the lending relationship gone bad. McKean, however, is not a defendant in this adversary proceeding.

of fiduciary duty claim." F.D.I.C. v. Grant, 8 F.Supp.2d 1275, 1299 (N.D. Okla. 1998); Siddique v. Western Heritage Ins. Co., 2015 WL 2451734 (E.D. Okla. 2015); Miller v. Farmers Ins. Group, 2012 WL 8017244 (W.D. Okla. 2012).  As no damages are identified as proximately resulting from the alleged breaches of fiduciary duty, the Complaint fails to state a claim for breach of fiduciary duty.

Accordingly, the Motion is granted with respect to the breach of fiduciary duty claim, with Debtor having leave to amend its Complaint consistent with this Order within twenty (20) days of its entry.

**III.   THE COMPLAINT DOES NOT STATE A CLAIM FOR AIDING AND ABETTING.**

CSA and CSI seek dismissal of Debtor's aiding and abetting claim because (1) the underlying breach of fiduciary duty claim has not been adequately plead and (2) CSA and CSI cannot aid and abet a breach of fiduciary duty by their own fiduciaries, Bock, Brand and Stuemky.  A person may be liable in a civil action for aiding and abetting only upon proof that: (i) another person committed a wrong; (ii) the aider and abettor knew of the existence of that wrong; and (iii) the aider and abettor substantially assisted the wrongdoer in committing that wrong.  Public Service Co. Of Oklahoma v. A Plus, Inc., 2011 WL 3329181 (W.D. Okla. 2011) (citing Adelphia Recovery Trust v. Bank of America, N. A., 624 F.Supp.2d 292, 312 (S.D. N.Y. 2009) (citing Landry v. Federal Deposit Ins. Corp., 486 F.2d 139, 162-63 (3d Cir. 1973))).

To prevail on its aiding and abetting breach of fiduciary duty claim, Debtor must prove that FSB, CSA and CSI knew that defendants Bock, Brand and Stuemky's conduct constituted a breach of their fiduciary duties to Debtor and gave substantial assistance or encouragement to

defendants Bock, Brand and Stuemky to so conduct themselves. Asarco LLC v. Americas Mining Corp., 396 B.R. 278, 412. Under the stated facts, McKean appointed defendants Bock, Brand and Stuemky to serve as directors of Debtor, knowing that they also served as directors of FSB and as owner or partners of CSA and CSI. The Complaint alleges that information came into the hands of McKean who shared it with defendants Bock, Brand and Stuemky (and presumably CSA and CSI as a result thereof) but that such information, directly involving Debtor, was withheld from Debtor. The picture painted by the Complaint, which must be accepted as true on a motion to dismiss, is of backroom shenanigans designed to keep Debtor's non-FSB related directors from full and complete knowledge and disclosure of information relevant to Debtor and its governance and operations.

At this point, Debtor's problems are two-fold. First, as previously determined, the Complaint does not adequately state a breach of fiduciary duty claim.[3] A plausible breach of fiduciary duty claim is a necessary predicate to the plausible statement of a claim for aiding and abetting a breach of fiduciary duty claim.

Second, as argued by FSB, CSA and CSI, generally a corporation cannot conspire with its wholly-owned subsidiaries or officers. Cornell Glasgow, LLC v. La Grange Properties, LLC, 2012 WL 2106945 (Del. Super. June 6, 2012) (unpub.).[4] However, exceptions to this rule exist including when an officer or agent steps out of its corporate role and acts pursuant to personal motives. Akande v. Transamerica Airlines, Inc., 2006 WL 587846 (Del. Ch. Feb. 28, 2006)

---

[3]This inadequacy may be rectified through amendment.

[4]In absence of authority in Oklahoma, courts look to Delaware for guidance on corporate law matters. Beard v. Love, 173 P.3d 796, 802 (Okla. Ct. App. 2007). See also Egleston v. Chesapeake Energy Corp., 2015 WL 4627331 (Okla. Ct. App. 2015).

(unpub.). It is also "uncontroversial for parent corporations to be subjected to claims for aiding and abetting breaches of fiduciary duty committed by directors of their subsidiaries." Allied Capital Corp. v. GC-Sun Holdings, L.P., 910 A.2d 1020, 1038 (Del. Ch. 2006). Given the differing capacities in which Bock, Brand[5] and Stuemky served with respect to the transactions in question, and the alleged pervasive influence of McKean and FSB, it is plausible, assuming Debtor amends the Complaint to adequately allege damages arising from the breach of fiduciary duty claim, that Debtor has a claim for relief for aiding and abetting such breach. Robbins, 519 F.3d at 1247.

Accordingly, the Motion should be granted with respect to the aiding and abetting claim, with Debtor having leave to amend its Complaint consistent with this Order within twenty (20) days of entry of this Order.

IV.   **THE COMPLAINT DOES NOT STATE A CLAIM FOR CIVIL CONSPIRACY RESPECTING THE MISUSE OF TRADE SECRET INFORMATION.**

To state a claim for civil conspiracy under Oklahoma law, a plaintiff must allege: (i) two or more persons; (ii) an object to be accomplished; (iii) a meeting of the minds on the object or course of action; (iv) one or more unlawful overt acts; and (5) damages as the proximate result thereof. Allen v. IM Solutions, LLC, 94 F.Supp.3d 1216, 1223 (E.D. Okla. 2015) (citing Zagorski v. McAdam, 2014 WL 2982669, at *6 (W.D. Okla. 2014); MedApproach Holdings, Inc. v. Hawkins, 2012 WL 6569268, *6–7 (M.D. Tenn. 2012)). Contrary to Debtor's argument, a civil conspiracy claim must "allege specific facts showing an agreement and concerted action amongst the defendants," and "the manner in which the conspiracy operated." AKC ex rel.

---

[5]The Court notes that this argument by CSA and CSI does not apply to Brand as he was not a fiduciary with respect to either CSA or CSI; he was only a director of FSB.

Carroll v. Lawton Indep. School Dist. No. 8, 9 F.Supp.3d 1240, 1244-1245 (W.D. Okla. 2014) (citing Montgomery v. City of Ardmore, 365 F.3d 926, 940 (10th Cir.2004)). "The law in this Circuit is clear that without allegations that [defendant] knew about and/or agreed to participate in a scheme which involved the unlawful act, there can be no finding of civil conspiracy. Allen, 94 F.Supp.3d at 1223 (citing Delli v. United States, 352 U.S. 232, 242 (1957), rev'd on other grounds United States v. Evans, 970 F.2d 663, 670 (10th Cir.1992) ("mere knowledge of illegal activity, even in conjunction with participation in a small part of the conspiracy, does not by itself establish that a person has joined in the grand conspiracy")).

In this Court's opinion, after a thorough review of the Complaint, the Complaint contains no allegation that there was any agreement or meeting of the minds between FSB, CSI, CSA, Bock, Brand and Stuemky to misuse Debtor's trade secrets and confidential or proprietary information.[6] Additionally, the Complaint fails to identify what the trade secrets and proprietary information are or how they were misused or misappropriated by FSB, CSI, CSA, Bock, Brand and Stuemky, the cornerstone to the misappropriation claim underlying the conspiracy claim. As such allegations are essential to stating a claim for conspiracy, Debtor's conspiracy claim must fail.

With respect to the argument that FSB, CSI, CSA, Bock, Brand and Stuemky cannot conspire with each other, it is not clear that Oklahoma courts would adopt the intracorporate conspiracy theory. Energy Fluids, Inc. v. Cimarex Energy Co., 2008 WL 2404226 (W.D. Okla.

---

[6]It goes without saying that the same infirmity exists with this conspiracy claim as exists with the misappropriation claim - the trade secrets and confidential or proprietary information are not identified in the Complaint at all nor are the alleged acts constituting the misappropriation or misuse.

2008).[7]  Even if the doctrine were adopted, the Court "cannot know what, if any, exceptions to this doctrine Oklahoma courts would likely adopt." Energy Fluids, 2008 WL 2404226. Furthermore, the analysis above regarding the aiding and abetting claim applies with equal force to the conspiracy claims and the different capacities in which Bock, Brand and Stuemky served with respect to FSB, Debtor, CSA and CSI.  Akande, 2006 WL 587846. See also Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1129-1130 (10th Cir. 1994).  Accordingly, the Court concludes that there is not a basis for applying the intracorporate conspiracy doctrine, and the Motion is not granted on that basis.

Therefore, the Motion is granted with respect to the conspiracy claim, with Debtor having leave to amend its Complaint consistent with this Order within twenty (20) days of entry of this Order.

## Conclusion

The Motion is granted.  If Debtor desires to amend its claims in accordance with this Order, it must do so within twenty (20) days of entry of this Order.

IT IS SO ORDERED.

# # #

---

[7]"The intracorporate conspiracy doctrine generally holds that a corporation's employees, as corporate agents, cannot conspire among themselves or with the corporation." Energy Fluids, 2008 WL 2404226 (citing McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000)).